Filed 1/2/15  In re Francisco B. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re FRANCISCO B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO B.,<br><br>Defendant and Appellant. | F069561<br><br>(Super. Ct. No. JJD064628)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Arthur L. Bowie, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P.J., Franson, J., and Peña, J.

**INTRODUCTION**

On May 14, 2014, appellant Francisco B. was returned to Tulare County for a reentry/disposition hearing after being paroled from the Department of Corrections and Rehabilitation, Division of Juvenile Justice (DJJ). Appellant was placed on probation under the supervision of the probation department upon various terms and conditions. Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm the orders of the juvenile court.

**FACTS AND PROCEEDINGS**

In 2010, when appellant was 13 years old, he admitted to five counts of a forcible lewd act on a child under age 14 (Pen. Code, § 288, subd. (b)(1)).[1] Each of the five counts alleged that appellant's adult sentence would be 15 years to life (§ 667.61, subd. (b)). Four of the counts alleged appellant committed substantial sexual conduct (§ 1203.066, subd. (a)(8)).

Appellant was 12 years old when he offended. Appellant and an accomplice groomed two female victims. One of his victims was only nine years old. Appellant and his juvenile accomplice held one of the victims' wrists together, covered her mouth, and took turns fondling and attempting to sodomize her. Appellant admitted sodomizing both victims and raping one of them. Appellant threatened to kill the victims' dog if they told anyone about the abuse.

The DJJ discharge report indicated that appellant had relatives in Southern California who lived in a gang-free neighborhood and were willing to house appellant. This was an important consideration because the victims still lived next door to appellant's parents. DJJ recommended appellant be randomly drug tested because he had an extensive history of using drugs and that he remain in sex offender counseling.

---

[1] Unless otherwise designated, statutory references are to the Penal Code.

Although appellant had a past affiliation with a gang, DJJ reported that he had not displayed or promoted gang affiliations while incarcerated in DJJ.

Appellant attended a weekly sexual behavior treatment program and was in stage six of a seven-stage program focusing on reentry planning. Appellant was working on a comprehensive relapse prevention plan and solidifying his placement and educational goals. Appellant actively participated in group, presented his assignments in a thorough and insightful manner, and had learned about family dynamics and the effect of himself being a molestation victim. Appellant had earned 150.5 units toward high school graduation and maintained a grade point average of 3.08. Appellant struggled with vocabulary, but had a good work ethic. Appellant successfully completed all treatment required of him.

DJJ recommended appellant continue regular visits with his family, complete high school, attend school regularly and complete all assigned work, develop positive skills in place of using illicit substances, and continue working on the positive coping skills he had developed. Other standard conditions of probation were recommended by DJJ. DJJ recommended appellant's discharge into the community under the supervision of the local probation department. The probation department recommended that appellant's plan from DJJ be accepted.

Among the recommended conditions of probation by the probation department were that appellant be placed on a GPS monitor, register pursuant to section 290.008, and submit a buccal swab for DNA. The probation department recommended that appellant not possess pornographic material, weapons, alcohol, and controlled substances unless he had a prescription. There was a further recommendation that appellant be permitted to reside with his relatives in Southern California.

At the release/disposition hearing, the juvenile court ordered appellant on a GPS monitor. The court permitted appellant to reside with his relatives in Southern California. The court found appellant's total aggregate term of commitment was 75 years, with credit

3

of 1,514 days for time served.  Appellant was continued as a ward of the court, ordered to register as a sex offender, and ordered to provide a DNA sample.

The above noted recommendations by the probation department of things appellant was not to possess were ordered as conditions of appellant's probation, as well as prohibition on possession of knives, firearms, weapons, fireworks, explosives, or chemicals that could produce explosives.  Appellant was ordered to participate in individual, group, or family counseling as directed by the probation officer.  Appellant was further ordered to submit to random chemical testing of his blood, breath, urine, or saliva at the direction of the probation officer.

Appellant was ordered on a curfew unless with a parent or legal guardian and to remain 100 yards away from the victims and their family's residence.  Appellant was further ordered not to associate or affiliate with known gang members and not to acquire gang-related tattoos.  Appellant was also placed on a search condition of his person, vehicle, and residence.

## APPELLATE COURT REVIEW

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently.  (*Wende*, *supra*, 25 Cal.3d 436.)  By letter on October 8, 2014, we invited appellant to submit additional briefing.  To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The orders of the juvenile court are affirmed.

4